IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON VOGTS,<br>    Plaintiff,<br><br>v.<br><br>CLEAR HOME DESIGN LLC,<br>    Defendant, | )<br>)<br>)    Case No.:<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

The plaintiff Brandon Vogts ("Plaintiff"), by his undersigned attorney, R. Terry Parker, Esq., for his Complaint against the defendant Clear Home Design LLC ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff is a professional photographer based in California.

3. Upon information and belief, Defendant is a New Jersey professional corporation doing business at 17 West Mount Pleasant Avenue, Livingston, New Jersey, 07039-2924.

### JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has

1

jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7. Plaintiff is a professional photographer based out of California. He creates and licenses photographic images for various uses.

8. Among the many captivating photographs taken by Plaintiff, Plaintiff is the original author of a photographic image at issue in this case (the "Copyrighted Work"), a copy of which is depicted as follows:



9. As author, Plaintiff is the owner of the copyrights in and to the Copyrighted Work and has been at all relevant times.

10. The copyrights in the Copyrighted Work have been registered with the United States Copyright Office, Reg. No. VA 2-275-109.

11. The Copyrighted Work is an original work of authorship.

**B. Defendant's Unlawful Activities**

12. Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

13. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization at Defendant's website, a copy of the screenshot of which is depicted here:



14. Upon information and belief, Defendant needed a photograph to promote its business online. Defendant then found the Copyrighted Work on the Internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of webpages for the commercial purpose of selling Defendant's products and services, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

15. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

16. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

17. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's copyrights in that Defendant, a publisher of content on the internet and familiar with copyright law and the need to seek a license for the use of the Copyrighted Work, knew it did not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway.

18. As further evidence of the willfulness of Defendant's infringing conduct, Defendant inserted a copyright notice at the end of the infringing webpage, claiming ownership of the copyrights in and to Plaintiff's Copyrighted Work.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

19. Plaintiff realleges the above paragraphs and incorporates them by reference as if

fully set forth herein.

20. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

21. As author, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

22. Upon information and belief, as a result of Plaintiff's publication and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

23. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Work at the infringing website.

24. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

25. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

26. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

27. In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the

amount of $150,000 for each Copyrighted Work with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

28.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action,

including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 22, 2025

    Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire (NJ Bar No. 033282008)
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Brandon Vogts v. Clear Home Design LLC*